IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TRI ANGELS MUSIC, PURPLE**
**RABBIT MUSIC, and W CHAPPELL**
**MUSIC CORP. d/b/a WC MUSIC CORP.**                                    **PLAINTIFF**

VS.                              CASE NO. 6:26-cv-06028-SOH

**SKY CAPITAL GROUP, LP and**
**ALI RAJABI**                                                          **DEFENDANTS**

## COMPLAINT

Plaintiffs Tri Angels Music, Purple Rabbit Music, and W Chappell Music Corp. d/b/a WC Music Corp., for their complaint against defendants Sky Capital Group, LP, and Ali Rajabi, state:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. **Exhibit A**, attached to the Complaint and incorporated by reference, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2 are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure. All references to "columns" herein refer to the numbered columns set forth in **Exhibit A**.

5. On information and belief, Defendant Sky Capital Group, LP ("SCG") is a limited

partnership organized under the laws of the State of Arkansas with principal offices located at 239 Central Avenue, Hot Springs National Park, Arkansas 71901.

6. At all times hereinafter mentioned, SCG did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Arlington Resort Hotel & Spa (the "Arlington Hotel"), located at 239 Central Avenue, Hot Springs National Park, Arkansas 71901.

7. Musical compositions were and are publicly performed at the Arlington Hotel.

8. On information and belief, defendant Ali Rajabi ("Rajabi," and together with SCG, the "Defendants") is an individual who resides and/or does business in this district.

9. At all times hereinafter mentioned, Rajabi was, and still is, an officer, director, and/or principal of SCG.

10. At all times hereinafter mentioned, Rajabi was, and still is, responsible for the control, management, operation and maintenance of the affairs of SCG.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Arlington Hotel, including the right and ability to supervise and control the public performance of musical compositions at the Arlington Hotel.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Arlington Hotel.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public

2

performance rights of its nearly one million songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made more than one hundred attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Arlington Hotel. ASCAP has contacted Defendants by phone, by mail, and by e-mail.

16. Defendants have refused all of ASCAP's license offers for the Arlington Hotel.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at the Arlington Hotel constitute infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Arlington Hotel, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest,

if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. The composition PLAY THAT FUNKY MUSIC for which there are entries in Columns 7 and 8 is now in the renewal term of copyright, pursuant to 17 U.S.C. 304(a)(2), automatically secured as provided in 17 U.S.C. §304(a)(2)(B)(ii), effective as of the date set for in Column 8.

23. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at the Arlington Hotel, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at the Arlington Hotel of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated the Plaintiffs' rights.

26. The many unauthorized performances at the Arlington Hotel include the performances of the four copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any other compositions in the ASCAP repertory for which Defendants have no license, and from causing or permitting the said compositions or any other compositions in the ASCAP repertory to be publicly performed at the Arlington Hotel, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000.00) nor less than Seven Hundred and Fifty Dollars ($750.00) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Respectfully submitted:

J. Andrew Vines (AR Bar No. 98140)
DOBSON & VINES, PLLC
P.O. Box 251763
Little Rock, Arkansas 72225
Phone:   (501) 490-9906
Fax:     (501) 712-4538
Email:   avines@dobsonvines.com

*Attorneys for Plaintiffs*

5